41 C.C.P.A.(Patents)

**LOMBARD v. HOWARD.**

**Patent Appeal No. 6009.**

United States Court of Customs and Patent Appeals.

May 27, 1954.

Kenyon & Kenyon, New York City, Wilkinson & Mawhinney, and Raymond J. Mawhinney, Washington, D. C. (W. Houston Kenyon, Jr., New York City, of counsel), for appellant.

Miles D. Pillars, Washington, D. C., (F. Gerald Toye, Washington, D. C., Harry R. Mayers and Prowell S. Mack, Schenectady, and O. B. Waddell, Washington, D. C., of counsel), for appellee.

Before O'CONNELL, JOHNSON, WORLEY, COLE, and JACKSON (retired), Judges.

WORLEY, Judge.

This is an appeal from the decision of the Board of Interference Examiners of the United States Patent Office awarding priority of invention of the subject matter embraced in two counts to appellee, the senior party herein.

The interference involves a patent to appellant, one Adrian Albert Lombard, assigned to Rolls Royce, Ltd., of England, Serial No. 2,494,821, dated January 17, 1950, on an application filed March 11, 1947 and an application of appellee, one Alan Howard, Serial No. 541,565, filed

June 22, 1944, assigned to the General Electric Corporation of Schenectady, New York.

The subject matter of the involved counts relates to certain supporting structures located in the after part of a turbo-jet engine. The structures are primarily designed to transmit the weight of the exhaust pipe and other parts of the engine to a forward area.

The invention is more clearly described by the counts themselves which Howard copied from two of the three claims in the Lombard patent:

"1. A gas-turbine engine comprising a compressor having a rotor and a stator casing enclosing the rotor, a turbine having a rotor coaxial with and axially-spaced from the compressor rotor and a stator casing enclosing the rotor, a driving shaft connecting the compressor rotor to the turbine rotor, a plurality of combustion chambers disposed in a ring around the said shaft to extend from the compressor toward the turbine, an exhaust unit supported from the turbine casing on the side thereof remote from the compressor, an intermediate casing surrounding the shaft within the ring of combustion chambers and secured to the compressor casing to extend towards the turbine, a ring-like casing member having formed therein a plurality of circumferentially-spaced apertures one for each combustion chamber to receive and support its outlet end, said ring-like casing member being connected to the intermediate casing and to the outer periphery of the turbine casing to transmit structural loads there between, and a plurality of nozzle-boxes one for each combustion chamber extending from the outlets of the combustion chambers to deliver the working fluid from the combustion chambers to the turbine, the walls of the nozzle-boxes being spaced from the ring-like casing member so that the latter is out of direct contact with the flow of working fluid through said nozzle boxes.

"2. A gas-turbine engine as claimed in count 1, wherein said turbine casing comprises a stationary shroud for the turbine rotor, an outer ring secured directly to said shroud, an inner ring located within and radially spaced from the outer ring, and a series of guide-blades supported between the inner and outer rings, and wherein the outer edge of said apertured ring-like casing member is connected to the outer ring by a first tubular member surrounding said nozzle-boxes and the inner edge of said apertured ring-like casing member is connected to the inner-ring by a second tubular member disposed radially inside the nozzle-boxes said apertured ring-like casing member and said first and second tubular members together forming a chamber enclosing the nozzle-boxes."

In June 1940,[1] approximately four months after issuance of the Lombard patent and while Howard's application was pending, the Patent Office granted Howard's request for an interference with the patentee. Subsequently Lombard was ordered to show cause why judgment should not be rendered against him. In response Lombard moved to dissolve the interference on the ground that Howard could not make the counts. That motion was denied by the Primary Examiner. Lombard then petitioned for reconsideration. Upon reconsideration, the examiner adhered to his original views.

The Board of Interference Examiners likewise held that Howard could make the counts and in response to a petition for reconsideration, reaffirmed its holding.

In his brief here, Lombard correctly states that the sole question involved is whether the senior party Howard is entitled to make the claims which are the counts of the interference. He relies on twelve of his original fifteen reasons of

1. Certain war-time security regulations seem to have impeded normal prosecution.

appeal and summarizes his position as follows:

: "1. That Howard's application does not describe in writing the invention of these counts with the certainty and particularity required by Section 4888 of the Revised Statutes, [now 35 U.S.C.A. §§ 111, 112, 162];

"2. That in Howard's structure the apertures of his ring-like casing member do not 'receive' the outlet ends of the combustion chambers; and

"3. That, in any event, Howard fails to exhibit that 'clear prior disclosure' which is required of one who copies claims from an issued patent; and that the case presents such doubts whether these counts would be valid claims in a patent granted on the Howard application as to require application of the rule that such doubts must be resolved against him."

In considering those arguments, we reproduce the pertinent portion of Howard's specification as originally filed and subsequently amended:

" * * * At its discharge end, combustion chamber [wall] [2] casing 105 (see Fig. 8) is provided with a flange 124 which is clamped to a flange 125 by a suitable split ring 126. Flange 125 is formed integral with and is carried by a combustor support ring 127 which in turn is welded to the circumference of [over] a round opening 128 in an annular plate 129. Combustor support [Annular] plate 129 extends entirely around the aft frame [combustion chamber] structure and is provided with a circular [an] opening for each combustor support flange [combustion chamber wall] 127. At its periphery, plate 129 [it] is bolted to a flange at the forward end of aft frame [turbine] casing 6 as is indicated at 130. At its inner edge, it fits around and is welded to the end of wall 88. Or otherwise considered, there is welded to the forward end of wall 88, and the outer edges of ribs 83, a large combustion support collar 129 which at its periphery is bolted to casing [wall] 6 at 130 and this large collar is provided with openings 128, one for each combustion chamber and over which openings the combustor support flanges [flanged combustion chamber walls] 127 are welded. Thus cylinder [casing] 81, ribs 83 and 83 [a], nozzle diaphragm support walls 87, 88 [wall 87, wall 88,] annular plate or collar 129 and the several flanges [flanged walls] 127 form a welded [together] unitary aft frame structure."

The application also contains detailed drawings illustrating the invention.

The tribunals of the Patent Office compared the Howard disclosures with the language of the counts and, in applying the well established principle of patent law that counts in an interference should be given the broadest construction their language will support, held that Howard could make the counts. See Shultz v. Dunham, 67 F.2d 501, 21 C.C. P.A., Patents, 706.

Among the points emphasized by appellant is the alleged absence of a written description that the annular plate of Howard has the function of transmitting structural loads from the outer turbine casing to the central backbone of the engine, and also alleges the absence of a description of any physical attributes or characteristics thereof which would clearly adapt it for the performance of such a function. Appellee counters that argument by citing certain decisions of this and other courts to the effect that it is not necessary to describe functions in claims. Those citations do not appear to be authoritative here inasmuch as appellant attacks not only the claims but the entire application. While we agree with appellant that Howard does not in so many words expressly describe the attributes and characteristics referred to, at the same time we are also in agreement with the board that he discloses a corresponding structure which reads on the counts.

2. Words and figures enclosed in brackets deleted by amendment.

Appellant also alleges that the board erred in seemingly directing its attention to the Howard drawings and to have overlooked the absence of a written description and other textual matters which he urges are required by statute. From that premise he concludes that the board erred in view of the rule laid down in Permutit Co. v. Graver Corp., 284 U.S. 52, 52 S.Ct. 53, 55, 76 L.Ed. 163.

In the first place we do not agree with appellant's premise. It is hardly possible to examine the very thorough and carefully considered opinions written below and conclude that any material phase of this proceeding was overlooked. Moreover, we do not believe that the Permutit case, supra, is applicable to the facts here. From that decision, which involved a patent infringement, appellant quotes the following excerpt:

> " * * * while drawings may be referred to for illustration and may be used as an aid in interpreting the specification or claim, they are of no avail where there is an entire absence of description of the alleged invention, or a failure to claim it. * * * "

Obviously the facts there are not the same as those in the case before us. Clearly there is sufficient description of the invention here to enable one skilled in the art to make and use the apparatus. Moreover, we do not believe the court's language "or a failure to claim it" contemplated the circumstances present here. See Lynes v. Lehnhard, 150 F.2d 426, 32 C.C.P.A., Patents, 1196.

We next consider the contention advanced by Lombard that the apertures of Howard's ring-like casing member do not "receive" the outlet ends of the combustion chambers.

The examiner observed that an "aperture" per se cannot support anything, and that it was proper to interpret the count as meaning that the combustion chambers are "received" and supported by that part of the structure in which the apertures are formed. That conclusion was affirmed by the board with the comment that "something tangible" is required to support the ends of the combustion chambers and that that particular element is found in the ring-like casing members in which the apertures are formed.

Consistent with that interpretation, the board applied the involved language to Howard's structure as follows:

> " * * * a ring-like casing member ( * * * corresponding to Lombard's composite part * * * ) having formed therein a plurality of circumferentially spaced apertures * * * one for each combustion chamber * * * to receive * * * and support its outlet end * * * ."

We fail to find anything in the record to support appellant's argument that those interpretations were strained, unreasonable, or improper.

We have considered appellant's final argument but do not agree that Howard failed to exhibit the "clear prior disclosure" required of those who copy claims from an issued patent. To the contrary, we find ourselves in agreement with the Patent Office that Howard's disclosure was in sufficient conformity with the statutory requirements as to render inapplicable the conclusion reached in Bierly v. Happoldt, 201 F.2d 955, 40 C.C. P.A., Patents, 774, cited by appellant, that doubts should be resolved against one who copies the claims of a patent.

Additional points raised by appellant have been considered but we find nothing therein to require reversal of the holding of the Patent Office.

The decision appealed from is affirmed.

Affirmed.

JACKSON, J., retired, recalled to participate herein in place of GARRETT, C. J.